Lenard v Ames (2022 NY Slip Op 01123)





Lenard v Ames


2022 NY Slip Op 01123


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 657506/17 Appeal No. 15355 Case No. 2021-03367 

[*1]Dena Lenard, Plaintiff-Appellant,
v
Sandy Ames et al., Defendants-Respondents.


Anderson & Ochs, LLP, New York (Jennifer L. Karnes of counsel), for appellant.
Green & Cohen, P.C., New York (Michael R. Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered August 23, 2021, which denied plaintiff's motion for summary judgment in its entirety, unanimously affirmed, without costs.
Plaintiff did not meet her initial burden of establishing a breach of the 2014 Agreement. The 2014 Agreement provided that plaintiff would pay defendant Sandy Ames $125,000 over a period of five years, beginning on March 1, 2014 and ending on February 28, 2019, which would constitute repayment for the amount defendant had contributed to the purchase of the parties' shared apartment. The 2014 Agreement further provided that upon receipt of these payments, defendant would take all necessary actions to remove her name from the title and deed.
In 2017, two years before the end of the five-year repayment period, plaintiff demanded that defendant accept early payment so that she could retain full ownership of the apartment and refinance the mortgage. However, nothing in the 2014 Agreement required defendant to accept early payment, to transfer title to the apartment prior to February 28, 2019 or to make concessions so that plaintiff could refinance. To date, plaintiff herself has not paid the full amount owing under the 2014 Agreement. Defendant has also raised factual issues as to whether the 2014 Agreement is enforceable in the first instance (see e.g. Feiner v Lavy, P.C. v Zohar, 195 AD3d 411 [1st Dept 2021]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022